UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADAN STEVEN BOJORGE-SEQUEIRA,<br>Petitioner,<br>v.<br>BRUCE SCOTT, Warden of Northwest Immigration Processing Center; and ICE FIELD OFFICE DIRECTOR,<br>Respondents. | No. 2:26-CV-02360-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is pro se. Respondents are represented by Jennifer Wong.

Petitioner is a citizen of is a native and citizen of Nicaragua, who entered the United States on May 9, 2021, near Hidalgo, Texas. He was subsequently processed by immigration officials before being released on June 17, 2021.

On August 8, 2025, immigration authorities issued a notice to appear, directing Petitioner to attend a hearing on October 31, 2025. However, that same day, Petitioner was taken into immigration custody without prior notice or a hearing. Petitioner was granted a bond hearing on August 25, 2025, at which time the immigration judge concluded they did not have jurisdiction. On September 18, 2025, Petitioner filed his first writ of habeas corpus. On February 3, 2026, the judicial officer in that matter ordered a bond hearing be held within 14 days. On February 9, 2026, a bond hearing was held, and the immigration judge denied

bond, concluding that Petitioner is a flight risk.[1]

Courts in this District have held that when an immigration petitioner is released and later re-detained, that petitioner is held in detention pursuant to § 1226(a) and is therefore not subject to mandatory detention. *See e.g.*, *Lopez Camacho v. Ice Field Office Director*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459 (W.D. Wash. May 6, 2026). When determining whether a petitioner held under § 1226(a) has received appropriate due process regarding detention, courts in this District apply the three-factor *Mathews* test. *See e.g.*, *Rana v. Bondi*, No. 26-cv-244, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026). Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

Courts in this District have routinely determined that a finding in favor of an immigration petitioner under *Mathews* requires immediate release in order to restore the status quo. *See e.g.*, *Rana* 2026 WL 472800, at *4–5; *Camacho*, 2026 WL 1243459 at *8; *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention."). Under Ninth Circuit caselaw, the status quo is

[1] It should be noted that the order following the bond hearing contains no findings of fact or legal analysis whatsoever.

"the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

Respondents concede that Petitioner is detained pursuant to § 1226(a), but insist that the prior bond hearing adequately protected Petitioner's due process rights. As a preliminary matter, a post-deprivation hearing is not sufficient to cure a due process violation. Furthermore, the immigration judge did not create an adequate record to evaluate whether the court-ordered bond hearing was adequate.

Based on this record, the *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since he was released into the community in 2021. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As to whether Petitioner should be released, the Court notes that Petitioner's re-detainment was the impetus for the pending controversy. Therefore, Petitioner should be released because that was his status prior to re-detainment. *See Tanner*, 316 F.2d at 809. Furthermore, the WDWA caselaw clearly states that having a bond hearing now would not cure the underlying constitutional violation and that release is therefore the only way to return the status quo.

Accordingly, **IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. **Within one (1) day of the date of this order, Respondents shall release Petitioner from immigration detention**. Within two (2) days of the date of this order, Respondents shall file a certification that Petitioner has been released.

3. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

4. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 7th day of August 2026.

Stanley A. Bastian
United States District Judge